NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUARDO TRUJILLO, | Civil Action No. 13-2165 (DMC) |
| Plaintiff, | |
| v. | **OPINION** |
| HUDSON COUNTY MEDICAL DEPT., | |
| Defendant. | |

This matter comes before the Court upon Plaintiff's submission of a civil complaint and his application to proceed in forma pauperis. (ECF Nos. 1 and 1-1.) The complaint asserts that Plaintiff, a state prisoner, has been denied medical care for his cancer. (ECF. No. 1, at 4-5.) Plaintiff does not designate the relief he is seeking, but his statement of facts indicates that his "deepest concern [is] dying." Id. at 5-6. Plaintiff attached to his complaint a copy of the order issued by Judge Lisa Rose of the Superior Court of New Jersey, Law Division. Id. at 7. The order indicates that Plaintiff commenced a state action with the Law Division in 2012 raising claims identical to those at bar and seeking medical treatment for his cancer. Id. The order indicates that, on January 7, 2013, Judge Rose granted Plaintiff the requested relief.[1] Id.

Plaintiff's claims in this Court are barred as duplicative to those already adjudicated in the state action presided over by Judge Rose. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163-64 (3d Cir. 2010) ("In certain circumstances, where a federal

---

[1] Plaintiff also attached to his complaint a prison form indicating that, as of February 27, 2013, the correctional facility ordered the required medication and was waiting for receipt of the same in order to administer it to Plaintiff. (ECF No. 1, at 8.)

suit follows a state suit, [judicially created] doctrine[s] prohibits the district court from exercising jurisdiction"); In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (judicially created doctrines prohibit lower federal courts "from exercising appellate jurisdiction over final state-court judgments"); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) (federal courts cannot exercise jurisdiction of a claim "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong"); see also Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (the preclusive effect of a prior judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as the "res judicata" doctrine); Expert Electric, Inc. v. Levine, 554 F.2d 1227, 1232 (2d Cir.) ("The doctrine of res judicata . . . was established as a means to promote legal economy and certainty"), cert. denied, 434 U.S. 903 (1977).

    Here, Plaintiff – being the prevailing party in his state action – had a full and fair opportunity to litigate his claims; accordingly, relitigation of his claims in this Court is barred. See Montana v. United States, 440 U.S. 147, 153-54 (1979) (judicially-created doctrines protect against "the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions" while precluding parties from bringing claims they have already had a full and fair opportunity to litigate). Therefore, the instant matter must be dismissed.

    However, the Court is mindful of the gist of Plaintiff's application which, seemingly, seeks enforcement of Judge Rose's order. If so, the complaint would be best construed as a mandamus application intended for filing in Judge Rose's case. See Thornton v. Ridgewood, 17 N.J. 499 (1955) ("the plaintiff's complaint entailed a claim for relief in the nature of mandamus

requiring [state] officials to enforce the [order issued] against [them]. Such an action may be instituted when it appears that [these] officials are derelict in this respect") (citation omitted). Therefore, the Court will construe the complaint accordingly and direct the Clerk to serve this Opinion, the accompanying Order, and Plaintiff's complaint upon the Law Division for further actions by Judge Rose, in the event Judge Rose finds any further action appropriate.

No filing fee will be assessed against Plaintiff in connection with this matter in light of Plaintiff's erroneous filing of his complaint with this Court instead of a mandamus application with the Law Division.

An appropriate Order follows.

DENNIS M. CAVANAUGH
United States District Judge

Dated: April 11, 2013